UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTOPHER FORET | * | CIVIL ACTION NO. 20-467 |
| | * | |
| Plaintiff | * | |
| | * | JUDGE: Susie Morgan |
| VERSUS | * | |
| | * | |
| PROGRESSIVE WASTE SOLUTIONS | * | MAGISTRATE: _____ |
| OF LA, INC., a/k/a WASTE | * | |
| CONNECTIONS BAYOU, INC., JOHN | * | |
| DOE AND ACE AMERICAN | * | |
| INSURANCE COMPANY | * | |
| | * | |
| Defendants | * | |

**************************************************************************

**PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY**

**NOW INTO COURT,** comes Plaintiff, Christopher Foret, who hereby request that this Court lift the Stay Order on this matter for the following reasons to wit:

**HISTORY**

Before the Court is Plaintiffs Motion to Remove the Stay of this matter. In an Order, dated September 30, 2020, this Court stayed the entire case pending the outcome of an alleged ongoing criminal investigation.[1]

On or about November 23, 2018, Appellant, Christopher Foret, a white male, was traveling alone on I-10 West while **working as an UBER driver with his "APP ON" to pick up a fare**. As Plaintiff approached the Canal Street exit, which starts to merge into lanes to enter the Westbank Expressway, suddenly and without warning, a Progressive Waste Management vehicle, being driven by an unknown party, crossed lanes and "clipped" the Plaintiffs vehicle. The impact to Plaintiff's vehicle caused him to lose control of his vehicle, "spin out" across Interstate 10 and

---

[1] R. Doc. 45

1

violently slam into the guardrail in the right lane of travel. The Progressive Waste Management ("Defendant") vehicle did not stop and fled the scene of the accident.

Plaintiff's vehicle sustained severe and irreparable damage and was towed from the location. An independent witness saw the incident and was kind enough to be a "good Samaritan", and pulled his vehicle over to check on Plaintiff. The witness, an African American male named Julius Ross Ivery, was on his way home from his job as a private security officer and waited with Foret for the police to arrive. Mr. Ivery, a military veteran and pastor, gave the investigating NOPD officer his account of what he saw and provided the officer with his personal information, then left to continued home. Plaintiff did not know and had never met Mr. Ivery until the accident.

Foret was severely injured in the accident with significant damages in his cervical spine which ultimately required surgery. Foret filed suit against Progressive Waste Management and his UM carrier with Uber. Defendants, Progressive Waste Management, ***did not raise any allegations or Affirmative Defense of Fraud in this case***.

During a pre-trial hearing back in 2020, to discuss the status of the case, this court commented that Plaintiff counsel had a case Stayed in another court. Plaintiff counsel vehemently objected that the other case was not properly stayed and that it had nothing to do with the merits or parties *in this case*. Nevertheless, this Court informed defense counsel that it would entertain a Stay Order should the Defendants decide to file same.

Shortly thereafter, Defendant Progressive Waste Management, ***without any supporting documents, testimony, or evidence***, asked to Stay the proceedings because Defendant claimed this case *could be* being investigated by the US Attorney's Office.

Defendants never took any depositions in this case before filing their Stay Order. Plaintiff counsel immediately contacted the witness, Mr. Ivery and had to obtain a court order to force

2

defense counsel to engage in the deposition of this independent witness. The witness, Ivory, testified that he had seen the accident and had no other motive to provide any false testimony. Foret has also submitted Affidavits to the district court which are in the record that he has never been a target nor subject of any criminal investigation - nor had ever been contacted by any local, state or federal authorities that this accident was being investigated for fraud. ***Each and every one of those assertions stand true more than 2 ½ years after this Court has Stayed this case***.

Foret also submitted an Affidavit to the district court that he was not and will not plead any 5th Amendment privilege and swore under oath that there was not any fraud associated in his case. That assertion stands as accurate today as the day it was made as Foret has never been involved in any criminal activity in this case and never questioned nor accused by any law enforcement agency in the 2 ½ years that this case has been Stayed.

Defendant have never and will never put in any evidence, documentary or otherwise that Foret is under any form of investigation by the U.S. Attorney's Office in connection with this accident. This court should now lift the Stay Order and allow this case to proceed forward, including the Scheduling of deadlines and trial in this matter.

## I. Argument

In the instant motion, this case, this Court stayed the entire case because the Court believed this case or witnesses *may* be involved in an ongoing criminal investigation.

Plaintiff Foret emphatically denies that he has ever been, nor ever should have been a subject or target of any potential criminal investigation into this accident. Plaintiff in this matter has never been called before any grand jury, nor questioned about any nefarious activity by any federal, state or local officials for any wrongdoing in connection with this accident. Most important, the facts of this accident do not warrant any criminal aspects of an investigation whatsoever. Thus, after more than 2 ½ years from the original Stay Order of this case and now almost five (5) years from

the date this accident occurred, there is no valid reason to keep this Court's Stay Order in effect and Plaintiff respectfully petitions this court to lift the Stay Order of this case.

## II. Legal Standard

*A.  Legal Standard on a Motion to Stay*

There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[2] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[3]

A district court may stay a civil proceeding "until the criminal case or the likelihood of a criminal case is ended."[4]

Our Fifth Circuit Court of Appeals has stated that "stay orders **will be reversed** when they are found to be immoderate or of an **indefinite duration**". *Wedgeworth v. Fibreboard* Corp., 706 F.2d 541, 545 (5th Cir. 1983). Here, the Stay Order which is now more than 3 ½ years old, has far exceeded any potential protections that limited Stay Orders are intended to protect.

A reading of the jurisprudence in this district dictates that our Fifth Circuit Court of Appeals frowns upon Stay Order which have lasted this long in duration, especially considering the fact that even parties who are under indictment, which Plaintiff has never been, are only granted a very short duration of a Stay Order.

In *Dolan v. Parish of St. Tammany*, 2013 WL 3270616, at *6 (E.D. La. June 26, 2013), named Defendants were Jack Strain and Walter Reed.[5] In *Dolan*, the Hon. Sarah Vance **granted**

---

[2] Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).
[3] In re Ramu Corp., 903 F. 2d 312, 318 (5th Cir. 1990).
[4] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996))).
[5] As this Court is aware, former St. Tammany Parish DA, Walter Reed and former St. Tammany Parish Sheriff Jack Strain were both indicted for offenses and had been under investigation by federal officials at the time of the Stay Order in this case.  Reed and Strain were convicted.

**a limited Stay** when the **Plaintiff, himself was also criminally charged**.  The Court held that *because of the pending criminal case*, Plaintiff may not be unable to fully participate fully in the civil litigation *without incriminating himself through deposition testimony*.  The court **stayed the case, but only for a period of 90 days**. [6]

In the matter of *Tajonera v. Black Elk Energy Offshore Operations, LLC*, 2015 WL 13227930 (E.D. La. 12/4/2015) (Brown, N. Judge), a Stay Order request was denied, despite the fact that *during the civil litigation*, the federal government filed a criminal indictment against the Defendant with various felony and misdemeanor charges.  The Defendant argued that if the civil trial proceeds before the criminal trial, the civil trial could be stymied and impeded by witnesses who may refuse to testify.  *Id.*3*.  Plaintiff opposed the stay and argued that discovery had already been commenced and that no witness indicated they were pleading the 5th Amendment.  *Id* at *4.  The Court analyzed each of the six (6) factors and found that *even though the defendant was under indictment*, the Defendant could not show "special circumstances" with which the party would suffer substantial and irreparable prejudice and **denied** a Stay Order.  *Id *9*.

Plaintiff cannot find a single case where a District Court has ever granted some indefinite stay on a civil case when *no criminal investigation* has occurred and there has never been any intervention by any authority (FBI, U.S. Attorney, State Police, local police) to the instant case.

In the instant matter, the Stay Order provides no time frame for the matter to continue forward.  It is patently unjust and unfair and after more than 2 ½ years of the instant Stay Order and almost five (5) years from the date of this accident, Plaintiff still waits for justice.   The indefinite nature of the instant Stay Order is completely contrary to the wisdom of the Fifth Circuit that has stood for more than 40 years in *Wedgeworth, supra*.

---

[6]The *Dolan* case shows that even under indictment, a Plaintiff would only be entitled to a short stay of 90 days, not an indefinite Stay Order.

In the present case, Plaintiff is **not charged with any crime and no person or witness or party has ever been informed they are, have been or ever will be under any investigation by any authority whatsoever**. Plaintiff has not been interviewed, nor has received subject letters, target letters, nor has any grand jury subpoena or any other evidence been presented which would even suggest that Christopher Foret, or any witness or counsel has a hint of any criminal element to it. Foret specifically denies that she has ever been contacted by any local or federal agency in any capacity about any nefarious activity in this case.

Without question, Foret is prejudiced if he must "wait" to be exonerated for any investigation that does not even exist. The only thing Foret can do is to either ask the federal government for some exoneration letter, which is highly unlikely to be provided by the United States Attorney's Office, but more so is unreasonable as Foret has never received a letter suggesting he is being investigated, or to simply wait until some prescription has run where Foret can be prosecuted. In essence, the finding of the district court amounts to a ***presumption of guilty*** until Foret can prove himself innocent. This is completely contrary to the law and places Foret in a position to have to disprove allegations that simply do not exist.

Moreover, the current order also advises witnesses are being investigated. The only witness in the case was Mr. Ivery, in which, he advised during his deposition, he had never been contacted by the U.S. Attorney's office regarding any investigation or staged accident.[7] In furtherance, Mr. Ivery was also asked:

> Q. *Other than United States Attorney's office, have you ever been approached by any other law enforcement organization regarding an investigation in the staged auto accidents in New Orleans?*
>
> A. *No, sir.*[8]

---

[7] See Deposition of Ivery page 56 lines 20-25 and page 57 lines 1-2 as Exhibit 1 "in globo"
[8] See Deposition of Ivery page 60 lines 1-6 as Exhibit 1 "in globo"

Our Fifth Circuit Court of Appeals holds that the "mere possibility of prejudice" to the criminal defendant arising from discovery in the civil case does not necessarily warrant a stay.[9] After more than 3 ½ years from the Stay Order and more than five (5) years from the date of this accident, the possibility of any investigation commencing is remote at best and never existed at worst. Furthermore, the burden to show that a stay is warranted ***rests on the movant***,[10] and in determining whether a civil action should be stayed due to a criminal matter, courts within the Fifth Circuit have looked to six factors.[11] These factors are:

1. The extent to which the issues in the criminal case overlap with those presented in the civil case;

2. The status of the criminal case, including whether the defendant has been indicted;

3. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

4. The private interests of and burden on the defendant;

5. The interests of the courts; and

6. The public interest.[12]

### III.  Analysis

*A.  **Whether Defendants Have Established that a Stay is Warranted***

As discussed above, courts analyze six factors to determine whether a civil action should be stayed due to a criminal matter. The Court addresses each of these factors to determine whether a stay is appropriate in this case.

---

[9] *In re Ramu Corp.*, 903 F.2d at 320.
[10] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).
[11] *See Tajonera v. Black Elk Energy Offshore Operations, LLC*, No. 13-366, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015) (Brown, J.) (citing *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test); *see also Lebouef v. Global X-Ray and Testing Corp.*, No. 07-5755, 2008 U.S. Dist. LEXIS 6470, at *4 (E.D. La. Jan. 29, 2008) (Barbier, J.) ("To determine whether special circumstances exist, the court must 'balance the competing constitutional and procedural interests of the parties,' as illustrated through the six-factor test . . . .") (citation omitted)).
[12] *Id.* (internal citation omitted).

1.      **Extent of Overlap between Civil and Criminal Cases**

There is not and has never been any evidence presented to this Court to show that Plaintiff is, was or has ever been under investigation by the U.S. Attorney's Office in any pending criminal case. Since the Stay Order of this case was placed on September 30, 2020, neither the Plaintiff nor the witness has been investigated, subpoenaed to a grand jury, or questioned about any fraudulent activities in connection with this accident.

In deposition, the witness, Ivery was asked the following question:

Q.  **Have you been contacted by any authorities about this accident**?
A.  **No**. No other firm, no responding officer, no insurance company, anyone.
Q.  **Has anyone called you from the US Attorney's Office**?
A.  **No**. Once again, since that incident up until you contacted me, that in between time I have not been contacted. And if anyone say otherwise, they are wrong.[13]

Based on the sworn testimony provided by Ivery in his deposition, Defendants falsely accused Ivery of being questioned by the U.S. Attorney were wrong! Defendant cannot offer any proof to contradict Ivery's sworn testimony because no such proof will ever exist.

Next, as concerns Foret, Defendant/Appellee has never even attempted to depose him from the inception of this litigation. This court was provided, in the record, an Affidavit from Foret in Opposition to the Defendant's Motion for Stay which specifically stated, *under oath*, that Foret understood his rights under Amendment V of the United States Constitution and that he was waiving any rights under the Fifth Amendment to testify in this matter.[14] Foret has not deviated and will not deviate from that position more than 2 ½ years ago, as he has not committed any criminal acts in connection with this accident!

---

[13] Deposition of Mr. Ivery, page 15 lines 13-25 and page 16 line 1 as Exhibit 2
[14] See attached Affidavit of Plaintiff, Christopher Foret as Exhibit 3

In granting the original Stay Order of September 30, 2020, the district court adopted the language almost verbatim from the Defendant's allegation that there was a "criminal investigation" occurring in this case. The district court held:

> **"The Court finds it is in the best interest of the parties, the court, and the public to stay this proceeding <u>pending the conclusion of this criminal investigation</u>."[15]**

The question after almost five years from the date of this accident and more than 2 ½ years of the instant Stay Order begs the question "What investigation?" *No investigation* in this matter has ever or should ever occur except to find out who the driver of the defendants' vehicle was that struck Plaintiffs vehicle and fled the scene of the accident!

The facts of this case do not even lead to a "hint" of fraud against Foret. Common sense logic dictates that an Uber driver on a pre-determined route to pick up a passenger being struck by another vehicle and lost control of his vehicle and almost went over the I-10 ramp is not fraud, it is simply an accident. Foret's car was totaled. The foundation for any continuing Stay Order becomes even more remote because the witness and Plaintiff never knew each other. The following sworn testimony was provided to the district court in the deposition testimony of Mr. Ivery:

> Q:   Had you ever seen that gentleman before?
>
> A.   **I never met that gentleman in my life**. I was just being a Samaritan stopping to help someone. I thought the vehicle went over the guardrail, honestly.[16]

Though it is questionable whether defendant had a legal right to obtain private cell phone records of a non-party, defendant obtained a slew of phone records from both Foret and the witness Ivery. ***Those records confirmed that the two had never spoken in their lives and did not know nor had ever met each other***.

---

[15] See R. Doc 45 page 1 of 2.
[16] See Deposition of Mr. Ivery page 12 lines 15-19 attached as Exhibit 4

After more than 2 ½ years into the instant Stay Order, any speculation and conjecture is insufficient to meet Defendants' burden of showing an overlap between this civil proceeding and any alleged criminal investigation. Therefore, this factor does not weigh in favor of keeping a Stay Order in place.

2. **Status of Criminal Proceedings**

Generally, a stay of a civil case is most appropriate when a party to the civil action has *already been indicted* for the same conduct.[17] Plaintiff, nor any witnesses nor their counsel in this case have never been investigated, interviewed, subpoenaed, or have any reason to believe that they are subjects or targets of any fraudulent conduct by the U.S. Attorney's Office, State or Local Authorities. Additionally, the U.S. Attorney has not attempted to intervene in this case or moved to stay these proceedings. Thus, this factor weighs against keeping the instant Stay Order in place. All factors support lifting the instant Stay Order.

3. **Plaintiffs' Interest**

Plaintiffs have been delayed justice in this case for more than 2½ years. Plaintiff is entitled to a speedy resolution of this matter and his chances of recovery continue to decrease if he is forced to continue to wait until some non-existent criminal investigation is somehow proven before pursuing this civil action.

The indefinite nature of the instant Stay Order presents a high risk of prejudice to Plaintiff, who has a strong interest in resolution of this matter. Plaintiff has never been implicated *in any criminal investigation*. There is not, has never been and should never be any evidence that Plaintiff has been involved in any fraud activity in connection with this accident, nor that Plaintiff, any witness or counsel was ever under any criminal investigation. Therefore, this factor does not weigh

---

[17] *See Tajonera*, 2015 WL 893447, at *9 (internal citation omitted).

in favor of keeping the Stay Order in place.

### 4. Defendant's Interest

Defendants cannot explain how they would be prejudiced if this case proceeds to judgment. There has never been a single allegation against the Plaintiff in this case for almost five (5) years into this litigation that he committed any criminal acts in connection with this accident. Thus, there is no reason to continue to allow a Stay of this matter to continue. Thus, this factor should weigh in favor of lifting the stay in this matter.

### 5. The Court's Interest

The Court has interests in judicial economy and expediency.[18] "Further, before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that *'stay orders will be reversed when they are found to be immoderate or of an indefinite duration*.'"[19]

The Court has an interest in moving this case forward in an efficient manner. This matter has already been delayed more than 2 ½ years. In the entire pendency of this case, there has never been any evidence presented to show that the Plaintiff was ever investigated by the U.S. Attorney's Office or any state or local authorities. Thus, the Court's interests are best served by proceeding with the instant action. Therefore, this factor does not weigh in favor of maintaining a stay.

### 6. The Public Interest

Although the public interest in law enforcement sometimes weighs in favor of prioritizing criminal proceedings over civil matters,[20] the public also has an interest in the prompt resolution of civil cases. Here, the public interest would not be disserved by moving forward with the civil case,

---

[18] *See Tajonera*, 2015 WL 893447, at *10 (internal citation and quotation marks omitted).
[19] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *McKnight v. Blanchard*, 607 F.2d 477, 479 (5th Cir. 1982) (vacating an indefinite and protracted stay where the court had not weighed competing interests in ordering the stay)).
[20] *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

and Defendants cannot offer any specific reason as to why the public has an interest in staying the civil case pending the outcome of any criminal proceeding which after almost five (5) years has never taken place, nor should ever take place. Thus, this factor also weighs against maintaining a stay.

Based on the foregoing, this Honorable Court should GRANT the Plaintiff's Motion to Lift Stay the instant motion because all six factors weigh in favor of lifting the current stay in this civil action.

Respectfully submitted:

       /s/ Vanessa Motta
**VANESSA MOTTA (#36915)**
*Motta Law, LLC*
3632 Canal Street
New Orleans, LA 70119
PH: (504) 670-9490
Fax: (504) 513-3122
Vanessa@mottalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been filed using the Court's CM/ECF system, which will send notice to all counsel of record in this matter. Notice to all other parties will be submitted by e-mail, facsimile, and or U.S. Mail postage pre-paid on this 1st day of June, 2023.

       /s/ Vanessa Motta
       VANESSA MOTTA