UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTOPHER FORET | * | CIVIL ACTION NO. 20-467 |
| Plaintiff | * | |
| | * | JUDGE: Susie Morgan |
| VERSUS | * | |
| | * | |
| PROGRESSIVE WASTE SOLUTIONS OF LA, INC., a/k/a WASTE CONNECTIONS BAYOU, INC., JOHN DOE AND ACE AMERICAN INSURANCE COMPANY | * | MAGISTRATE: Dana Douglas |
| Defendants | * | |

**OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY**

**NOW INTO COURT**, through undersigned counsel, come Defendants Waste Connections Bayou, Inc., f/k/a Progressive Waste Solutions of LA, Inc. ("Waste Connections"), and ACE American Insurance Company ("ACE"), who submit this *Opposition* in response to *Plaintiff's Motion to Lift Stay* (Rec. Doc. 54) filed by Plaintiff, Christopher Foret.

The basic threshold required by this Court to lift the Stay Order, i.e. a demonstration by any party that the criminal investigation has concluded, has not been met.  Additionally, the six considerations that this Court addressed in determining that a stay was warranted initially have not changed.  Therefore, *Plaintiff's Motion to Lift Stay* should be denied and the stay should continue until the criminal investigation into Plaintiff, the alleged witness, and/or Plaintiff's counsel has concluded.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This litigation arises from an alleged automobile accident that occurred on or about November 23, 2018 in which Plaintiff, Christopher Foret ("Plaintiff") alleges to have been

1

involved in an accident on Interstate 10 northwest of the French Quarter between Exit 236 (Esplanade Avenue) and Exit 234 (US 90/Claiborne Avenue/Westbank) with a garbage truck owned and operated by Defendant, Waste Connections Bayou, Inc. f/k/a Progressive Waste Solutions of LA, Inc ("Waste Connections").  (Rec. Doc. 1, p. 2; Rec. Doc. 1-2, p. 2).  Plaintiff alleges that he sustained serious injuries and that the Waste Connections' vehicle allegedly involved in the accident fled the scene.  (Rec. Doc. 1, p. 4).  Waste Connections denies any involvement in the alleged accident. (Rec. Doc. 5, p. 5).

On July 22, 2020, Defendants filed a *Motion to Stay* and highlighted the fact that over a dozen cases involving similar facts, i.e. a commercial vehicle accident alleged on Interstate 10, had been stayed by the Eastern District due to reliable information that a criminal investigation by the U.S. Attorney's Office was ongoing. (Rec. Doc. 19, p. 1). Plaintiff opposed the *Motion to Stay*, focusing on the fact that neither Plaintiff nor his counsel were allegedly aware of being targets to a federal investigation.  (Rec. Doc. 30).

On September 30, 2020, this Court granted the Defendants' *Motion to Stay* explaining, "[t]he Court has received reliable information that there is an ongoing criminal investigation by the U.S. Attorney's Office that may involve this proceeding or witnesses or counsel in the proceeding." (Rec. Doc. 45, p. 1).  After noting the six considerations that it analyzed to determine to stay this litigation, this Court explained, "[t]he matter may be reopened upon the motion of any party demonstrating that the criminal investigation has concluded, at which time a new trial date will be set."  (Rec. Doc. 45, p. 2).

On June 1, 2023, Plaintiff filed a *Motion to Lift Stay* attaching as exhibits only an affidavit waiving his Fifth Amendment right against self-incrimination and excerpts from the one deposition that occurred prior to the Stay Order.  (Rec. Doc. 54; Rec. Doc. 54-4; Rec. Doc. 54-5; Rec. Doc.

2

54-6; Rec. Doc. 54-7). Plaintiff argues in his *Motion to Lift Stay* that an investigation does not exist and that the six considerations originally analyzed by the Court now all weigh in favor of lifting the stay. (Rec. Doc. 54, pp. 9, 12).

In filing this *Opposition*, Defendants aver that the six factors originally analyzed by this Court remain unchanged. Further, Plaintiff failed to provide any determination that the investigation has concluded, which was required by this Court in order to lift the stay.

II.     **LAW AND ARGUMENT**

   A. **Legal Standard for a Stay Order**

The district court has the discretion of whether or not to stay civil litigation. *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). "[A] district court may stay a civil p roceeding during the pendency of a parallel criminal proceeding." *Villani v. Devol*, 2016 WL 1383498, at *2 (M.D. La. April 7, 2016). When civil and criminal suits are pending simultaneously, the district court "in special circumstances should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." *Id*. (internal quotations omitted).

Further, the existence of an ongoing investigation is not synonymous with a criminal charge or indictment. In *Mejia v. Brothers Petroleum, LLC*, the plaintiffs were attempting to lift a stay order and defendants sought to extend a stay order due to the concurrent criminal investigation of a co-defendant. 2017 WL 1021524 (E.D. La. March 16, 2017). The *Mejia* plaintiffs argued, in part, that because the defendants could not provide evidence of imminent indictment or that the federal investigation remained active, the stay order should be lifted. *Id*. at *2. The Eastern District responded explaining, "[a]s a threshold matter, there is no 'imminence' requirement for a stay or an extension of an ongoing stay, and plaintiffs point to no case or authority suggesting that an indictment must be imminent in order to justify staying a parallel civil case." *Id*. (citing *S.E.C.*

3

*v. Offill*, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008) ("Thus although criminal charges have not yet been filed against the two criminal targets, this fact does not militate against granting a stay of discovery."); *Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, 2012 WL 520660, at *2, 6 (E.D. La. Feb. 15, 2012)).

Plaintiff's argument to lift the stay ultimately boils down to the self-serving assertion that Plaintiff himself is not under a federal, criminal investigation and that the alleged facts of the "accident do not warrant any criminal aspects of an investigation whatsoever." (Rec. Doc. 54-1, p. 3). However, Plaintiff does not provide any evidence to support his claim that an ongoing federal investigation involving either the Plaintiff himself, the alleged witness, or Plaintiff's counsel has concluded.

**B. <u>The reasoning for the Stay Order issued by this Court has not changed and Plaintiff has not provided any evidence to the contrary.</u>**

In issuing the Stay Order, this Court addressed six considerations: 1) the overlap between the civil and criminal case; 2) the status of the criminal case; 3) private interests of the plaintiff; 4) private interest of the defendants; 5) the interests of the court; and 6) the public interest. (Rec. Doc. 45, p. 1 (citing *Dolan v. Parish of St. Tammany*, 2013 WL 3270616, at *6 (E.D. La. June 26, 2013)). The circumstances and evaluation of the six pertinent considerations remain the same at this point in the litigation.

First, to the extent known by Defendants, the civil and criminal case overlap in relation to the Plaintiff, the alleged witness, Mr. Ivery, and/or Plaintiff's counsel. Plaintiff's attempt to point the finger at the Defendants by alleging false accusations and alleging no proof of an investigation ignores the fact that this Court seeks a determination from either party that the investigation has concluded rather than proof from the Defendant that the investigation is ongoing. Second, the status of the criminal investigation remains unchanged and is ongoing as far as Defendants are

4

aware.  This Court offered the fact that it had received reliable information about an ongoing investigation and unless this Court has been informed otherwise, the status of the criminal investigation is unchanged.  In regards to factors three, four, and five, the interests of the Plaintiff, the Defendants, and the Court would benefit with the continuance of this stay until the criminal proceedings conclude to avoid any Fifth Amendment issues.  Although Plaintiff submitted an affidavit waiving his Fifth Amendment rights, district courts have granted stays even when the pertinent party provides a waiver of Fifth Amendment rights.  See *Villani*, 2016 WL 1383498, at *7.  Continuing the stay in this case will also allow for future discovery efforts to be streamlined in the future when the investigation concludes and litigation continues, which would be beneficial to all parties and this Court.  Sixth, and last, the public interest certainly benefits from a continuance of the stay considering this is a federal investigation within the district of this Court and the roadways that the public of this district utilize.

      The analysis of these six factors reveals that significant changes that would warrant a lift of the Stay Order have not occurred.  While not privy to the federal government's investigation efforts, the Defendants have not been made aware of and the plaintiff has not provided any documentation, evidence, or indication that the criminal investigation into the plaintiff, witnesses, and/or counsel have concluded.  This Court specifically stated that it "received reliable information that there is an ongoing criminal investigation by the U.S. Attorney's Office that may involve this proceeding or witnesses or counsel in the proceeding."  (Red. Doc. 45, p. 1).  Plaintiff appears to have ignored that statement when he stated, "[t]here is not and has never been any evidence presented to this Court to show that Plaintiff is, was or has ever been under investigation by the U.S. Attorney's Office in any pending criminal case."  (Rec. Doc. 54-1, p. 8).  Unless the Court is

5

aware of reliable information that a change in circumstances has occurred, the stay is still warranted.

Further, this Court's caveat to lifting the stay was "upon the motion of any party demonstrating that the criminal investigation has concluded." (Rec. Doc. 45, p. 2). Plaintiff did not cite or produce any piece of evidence that demonstrated the criminal investigation concluded. Rather, Plaintiff chose to submit an affidavit that Plaintiff waives his Fifth Amendment rights and the deposition of the alleged witness of the accident. Neither exhibit demonstrates that the federal investigation – whether it be of the Plaintiff, witness, or counsel – has concluded. The basic threshold this Court set in place to lift the stay has not been met and, therefore, Plaintiff's motion should be dismissed.

**C. The jurisprudence cited by Plaintiff is misleading and does not support his position to lift the Stay Order.**

Plaintiff cites to several cases with his own interpretation on the holdings in an effort to support his position to lift the Stay Order. The cases cited generally stand for one premise – that the decision whether or not to stay litigation requires a case-by-case analysis.

Plaintiff cites to a Fifth Circuit opinion, *Wedgeworth v. Fibreboard Corp.*, that discusses stay orders of indefinite duration. (Rec. Doc. 45-1, p. 4 (citing 706 F.2d 541, 545 (5th Cir. 1983)). Plaintiff fails to acknowledge several key points about the *Wedgeworth* opinion. First, *Wedgeworth* was a consolidated appeal from bankruptcy actions, which has its own procedural rules for stay orders, with an underlying cause of action related to the occupational disease of asbestosis. *Id*. at 545. The court pointed out that many of the claimants were dying and the bankruptcy proceedings were not expected to conclude in the immediate future. *Id*. Second, a party in that case filed a motion to stay seeking an indefinite stay order from the court based solely on the existence of the pending bankruptcy proceedings. *Id*. at 543, 548. The Fifth Circuit

explained that "a stay must be 'so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id*. at 545 (quoting *Landis v. North American Co.*, 299 U.S. 248, 257 (1936)). The court clarified the effect of its decision as it related to only the cases before it at the time of the *Wedgeworth* opinion:

> Our holding in no way limits a district court's broad control over its docket or its usual discretion regarding stays. Nor do we suggest that no stay could ever be justified in this complex maze of litigation. We speak not in absolutes, but find that in the situations posed by the cases now before us, the stays were improvidently granted.

*Id*. at 546. The matter currently before this Court does not involve bankruptcy proceedings, occupational disease, or a request from the Defendants for an indefinite stay. Nor did this Court issue the Stay Order for an indefinite period. Rather, the Stay Order issued in this litigation was framed to allow for the stay to be lifted when a party provides a demonstration that the criminal investigation has concluded. Plaintiff has failed to provide any evidence of such a conclusion.

Plaintiff's analysis of *Dolan v. Parish of St. Tammany* is also misguided. Importantly, the ninety-day stay order was granted because the Plaintiff's minor son had already been criminally charged and the criminal trial was expected to be reset in the near future. 2013 WL 3270616, at *6 (E.D. La. June 26, 2013). The court did not, as Plaintiff is attempting to imply, provide any holding or even dicta that a stay order should be limited to such a short period of time in all or even most cases. Rather, the *Dolan* court, like the *Wedgeworth* court, looked at the facts and circumstances surrounding that particular case to determine the length of the stay. The *Dolan* opinion cannot be earnestly read to imply that a ninety-day limit on stay orders is mandatory or even preferred.

*Tijanoera v. Black Elk Energy Offshore Operations, L.L.C.* can also be distinguished based on the circumstances and phase of the civil litigation. 2015 WL 13227930 (E.D. La. Dec. 4, 2015).

7

When the stay was requested in *Tijanoera*, liability discovery was almost entirely complete. *Id*. at *6. The court explained that "[i]t is disingenuous for [the movant] to argue now that proceedings must be immediately stayed after the vast majority of discovery has been completed and only two depositions – the content of which can be anticipated by the published expert reports – remain." *Id*. *Tijanoera* was posed for trial at the time the motion for a stay was filed, which weighed heavily on the court's decision not to grant the stay. Ultimately, the court found that only one of the six factors weighed in favor of granting a stay. *Id*. at *9. In this case, discovery is not nearly complete and only one deposition, that of the alleged witness, has been taken. Factually and procedurally, this case differs from *Tijanoera*.

Overall, the cases cited by Plaintiff only serve to show that district courts should look at each particular case involving a stay on a case-by-case basis. Staying litigation is entirely up to the discretion of this Court which requires this specific and individual analysis. Looking at the circumstances surrounding this case, the Court should deny the *Plaintiff's Motion to Lift Stay* because the circumstances that prompted the stay initially have not changed.

### D. The Eastern District has not lifted the stay orders in cases with similar factual circumstances.

In Defendants' *Motion to Stay* filed on July 22, 2020, the Defendants cited over a dozen similar cases involving Plaintiff's Counsel in the instant matter that had been stayed by the Eastern District. (Rec. Doc. 19-1, pp. 4-5). Those cases with the cited Stay Orders are listed below:

1. *Wimbush v. Perez*, Civil Action No. 19-13641 (Rec. Doc. No. 33 - 7/15/20).

2. *Henderson-Burkhalter v. National Union Fire Insurance Co.*, Civil Action No. 18-928 (Rec. Doc. 135 – *8/15/19*).

3. *Frazier v. Runnels*, Civil Action No. 18-2340 (Rec. Doc. 111 - 4/30/19)

4. *Thomas v. Chambers,* Civil Action No. 18-4373 (Rec. Doc. 220 - 5/29/19)(partial lift

8

in relation to expert fees);

5. *Dorsey v. Jamair*, Civil Action No. 18-6603 (Rec. Doc. No. 162- 6/12/19);

6. *Warren v. Rosstrans & Services, LLC*, Civil Action No. 18-7599 (Rec. Doc. 64 - 9/11/19);

7. *Reese v. Great West Cas. Co.*, Civil Action No. 18-8336 (Rec. Doc. No. 154 - 12/2/19);

8. *Reff v. Werner Enterprises, Inc.*, Civil Action No. 18-8350 (Rec. Doc. 106 - 8/16/19);

9. *Smith v. Tensley*, Civil Action No. 18-9464 (Rec. Doc. No. 32 - 8/20/19);

10. *Charles v. Rose*, Civil Action 18-12153 (Rec. Doc. No. 33 - 1/28/20);

11. *Williams v. U.S. Fire Ins. Co.*, Civil Action 18-14000 (Rec. Doc. No. 28 - 9/10/19);

12. *Barre v. Roehl Transp., Inc.*, Civil Action 19-9799 (Rec. Doc. No. 30 - 11/25/19); and

13. *Lee v. Sentry Casualty Co.*, Civil Action No. 19-9978 (Rec. Doc. No. 13- 6/3/19).

Each of the above-listed thirteen cases were stayed prior to the Stay Order issued in this case on September 30, 2020. Of these thirteen cases, the Eastern District has not lifted any of the standing stay orders to allow litigation on the merits to proceed. In only one case, *Thomas v. Chambers*, the court granted a partial lift of the stay to allow an expert fee dispute to be resolved. All thirteen cases remain stayed from participating in discovery or adjudicating the case on the merits. Presumably, if there was reliable information sufficient to lift the stay in this matter, at least one other stay in the similar cases would have been lifted. That is simply not the case. There is no evidence of reliable information that would justify lifting the stay in this matter or in any of the other thirteen similar cases currently stayed in the Eastern District.

III.   **CONCLUSION**

**WHEREFORE**, Defendants Waste Connections Bayou, Inc., f/k/a Progressive Waste Solutions of LA, Inc. and ACE American Insurance Company aver that the *Plaintiff's Motion to Lift Stay* (Rec. Doc. 54) filed by Plaintiff, Christopher Foret should be denied. The facts and

9

4724822 v3

circumstances of this case and the six factors that this Court relied on to grant the Stay Order initially have not changed. Further, Plaintiff has provided no proof that the criminal investigation has concluded, which was required by this Court to lift the Stay Order. Therefore, the *Plaintiff's Motion to Lift Stay* (Rec. Doc. 54) should be denied until a determination can be provided to show the conclusion of the investigation.

Respectfully submitted,

**BLUE WILLIAMS, LLC**

/s/ Jacob K. Best

GUICE A. GIAMBRONE, III, T.A. (#25062)
JACOB K. BEST (#29533)
3421 N. Causeway Boulevard, 9th Floor
Metairie, Louisiana 70002
Telephone (504)-831-4091
Facsimile: (504)-837-1182
E-mail:  ggiambrone@bluewilliams.com
              jbest@bluewilliams.com
*Attorneys for Defendants Waste Connections Bayou, Inc. and ACE American Insurance Company*

.

**CERTIFICATE OF SERVICE**

I do hereby certify I have on this 13th day of June, 2023, filed a true and accurate copy of the foregoing pleading with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will provide notice of the electronic filing to Counsel for all parties.

/s/ Jacob K. Best

Jacob K. Best

4724822 v3