UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER FORET,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  20-467** |
| **PROGRESSIVE WASTE SOLUTIONS<br>OF LA., INC., ET AL.,**<br>    **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiff Christopher Foret ("Plaintiff").[1] Defendants ACE American Insurance Company and Waste Connections Bayou, Inc. ("WCBI") (collectively, "Waste Connections") oppose the motion.[2]

## FACTUAL BACKGROUND

This case arises out of an automobile accident that allegedly occurred in Orleans Parish, Louisiana, on or about November 23, 2018.[3] Plaintiff alleges he is "a person of the full age of majority, resident and domiciliary of the Parish of Jefferson, State of Louisiana."[4] Plaintiff allegedly was operating his car as an Uber driver when his car "was struck by a Waste Management Truck with . . . the words 'Progressive,' written on the side of the vehicle."[5] The truck allegedly fled the scene.[6] Plaintiff alleges he lost control of his car and struck the guard rail.[7] Plaintiff alleges "severe injuries to the muscles, ligaments,

---

[1] R. Doc. 144.
[2] R. Doc. 145.
[3] R. Doc. 119 at ¶ 12.
[4] *Id.* at p. 1.
[5] *Id.* at ¶ 12.
[6] *Id.* at ¶ 16.
[7] *Id.* at ¶ 14.

1

tendons, blood vessels, nerves and other soft tissue structures of the cervical, lumbar and thoracic regions of the spine," among other damages.[8]

## PROCEDURAL HISTORY

On October 30, 2019, Plaintiff filed suit in Civil District Court for the Parish of Orleans.[9] On February 10, 2020, Waste Connections removed this case to federal court.[10] The Court first issued a scheduling order on March 5, 2020.[11] On July 22, 2020, Waste Connections moved to stay proceedings pursuant to Federal Rule of Civil Procedure 7(b)(1)(B).[12] Waste Connections argued that "[t]here is an ongoing criminal investigation in the United State Attorney's Office regarding similar automobile accidents and liability claims involving similar attorneys and" and asked that the Court stay this action "pending completion of that investigation and any possible criminal charges that may follow."[13] On September 30, 2020, the Court granted Waste Connections' motion and stayed and administratively closed this action.[14] On June 1, 2023, Plaintiff moved the Court to lift the stay and the Court granted Plaintiff's motion on July 18, 2023.[15] On August 30, 2023, the Court issued a new scheduling order and set the jury trial to begin on May 20, 2024.[16]

Following the Court's issuance of its second scheduling order, the parties conducted discovery and filed motions for summary judgment and motions in limine.[17] On April 5, 2024, the parties jointly moved to continue the trial date of May 20, 2024 because Plaintiff learned new information relevant to Waste Connections' potential

---

[8] *Id.* at ¶¶ 29-30.
[9] R. Doc. 1-2.
[10] R. Doc. 1.
[11] R. Doc. 9.
[12] R. Doc. 19.
[13] R. Doc. 19-1 at p. 7.
[14] R. Doc. 45.
[15] R. Doc. 54; R. Doc. 63.
[16] R. Doc. 69.
[17] R. Doc. 76; R. Doc. 77; R. Doc. 78; R. Doc. 79.

2

liability in this case during WCBI's Rule 30(b)(6) deposition.[18] During WCBI's Rule 30(b)(6) deposition, the deponent "alleged that none of its garbage trucks could have been involved in the accident with plaintiff because at the time of the accident all of its trucks had been rebranded with 'Waste Connections' logos."[19] WCBI's representative "further testified that it had divested its 'Progressive Waste' branded garbage trucks to three companies: Republic Waste, Coastal Waste, and AmWaste."[20] Plaintiff did not learn this information until four days before the discovery deadline.[21] On April 10, 2024, the Court granted the joint motion to continue trial and vacated the Court's August 30, 2023 scheduling order.[22]

After continuing the trial and vacating the August 30, 2023 scheduling order, the Court issued a new scheduling order on April 25, 2024.[23] In the April 25, 2024 scheduling order, the Court set an August 25, 2024 deadline for amendments to the pleadings.[24] On August 19, 2024, Plaintiff timely filed a first amended complaint naming several new defendants to the suit based on the theory that the new defendants "purchased Progressive Waste Solutions of LA garbage trucks with the words 'Progressive' still written on the side of the garbage trucks prior to the instant accident and that one of the other companies is responsible for causing Plaintiffs accident."[25] Among the new defendants was Independence 6177, LLC and Coastal Environmental Services of LA, LLC, f/k/a Lacombe6176, LLC ("Coastal").[26]

---

[18] R. Doc. 103-1.
[19] *Id.* at p. 1.
[20] *Id.*
[21] *Id.* at p. 2.
[22] R. Doc. 106.
[23] R. Doc. 108.
[24] *Id.* at p. 8.
[25] R. Doc. 116 at p. 8.
[26] *Id.* at pp. 3, 8.

In response to Plaintiff's first amended complaint, the Court ordered Plaintiff to file a second restated and amended complaint.[27] The Court reasoned that Plaintiff's allegations regarding the LLC defendants named in Plaintiff's first amended complaint were deficient because "Plaintiff's First Amended Complaint only alleges the states of incorporation and the principal places of business of each LLC defendant first named in his First Amended Complaint" rather than the citizenship of each LLC defendant's members.[28] On August 19, 2024, Plaintiff filed a second amended complaint.[29]

In Plaintiff's second amended complaint, Plaintiff identifies an issue related to this Court's jurisdiction over Plaintiff's action.[30] The sole basis for the Court's jurisdiction over this action is diversity jurisdiction under 28 U.S.C. § 1332.[31] The jurisdictional issue regards defendant Coastal.[32] In Plaintiff's second amended complaint, Plaintiff alleges "there is no federal court diversity under 28 U.S.C. 1332, because the Plaintiff . . . and one of the named Defendants, Coastal . . . and its citizens/members/managers are all citizens of the State of Louisiana."[33] Coastal has confirmed that each of its members are Louisiana citizens.[34]

## **LEGAL STANDARD**

Federal courts are courts of limited subject matter jurisdiction, and they possess only the power authorized by the Constitution and by statute.[35] Pursuant to 28 U.S.C. § 1332, a federal court may exercise subject matter jurisdiction "where the matter in

---

[27] R. Doc. 118.
[28] *Id.* at p. 2.
[29] R. Doc. 119.
[30] R. Doc. 119 at ¶ 2.
[31] R. Doc. 1 at pp. 3-5.
[32] R. Doc. 119 at ¶ 2.
[33] *Id.* at ¶ 2.
[34] R. Doc. 143-1; R. Doc. 130 at ¶ 3.
[35] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

4

controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and where there is complete diversity of citizenship.[36] The parties are completely diverse where no plaintiff is a "citizen of the same State as any defendant."[37]

## **LAW AND ANALYSIS**

The citizenship of an LLC is determined by the citizenship of all of its members.[38] If one of its members is an LLC or a partnership, the citizenship of that entity's members or partners must continue to be traced until an individual and/or a corporation is reached.[39] Like Plaintiff, Multiple members of Coastal are individuals domiciled in Louisiana.[40] Thus, Complete diversity does not exist.[41]

Plaintiff moves to remand this action to the Civil District Court for the Parish of Orleans because complete diversity does not exist.[42] In opposition, Waste Connections admits that "complete diversity . . . does not currently exist," but requests that the Court sever and dismiss without prejudice Plaintiff's claims against Coastal and allow Plaintiff to continue this action in federal court against the diverse defendants on the basis of diversity jurisdiction.[43] However, the United States Court of Appeals for the Fifth Circuit has rejected the notion that a court may "create" diversity jurisdiction by severing a non-diverse party from a suit.[44] In *Williams v. Homeland Insurance Company of New York*, the Fifth Circuit held that "federal court severance does not (and cannot) create

---

[36] *See* 28 U.S.C. § 1332(a).
[37] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).
[38] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080-81 (5th Cir. 2008).
[39] *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).
[40] R. Doc. 119 at p. 1; R. Doc. 143-1.
[41] *Flagg*, 819 F.3d at 136.
[42] R. Doc. 144-1.
[43] R. Doc. 145 at pp. 5-12.
[44] *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 815-16 (5th Cir. 2021); *see also Huse v. Hayoas*, No. 23-945, 2024 WL 382059, at *3 (N.D. Tex. Jan. 31, 2024).

5

jurisdiction that otherwise would not exist."[45] Thus, the Court may not sever Plaintiff's claims against Coastal and allow Plaintiff to continue this action in federal court against the diverse defendants.

Because Plaintiff and Coastal are both domiciled in Louisiana, this Court lacks diversity jurisdiction over this action.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion to remand is **GRANTED**.[46]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Civil District Court for the Parish of Orleans.

**New Orleans, Louisiana, this 26th day of March, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[45] *Id.*; *Williams*, 18 F.4th at 816.
[46] R. Doc. 144.